# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC JACQUES, : | |
|     Petitioner, : | |
| : | No. 1:19-cv-1454 |
| v. : | |
| : | (Judge Rambo) |
| WARDEN USP LEWISBURG, : | |
|     Respondent : | |

## **MEMORANDUM**

On August 21, 2019, *pro se* Petitioner Marc Jacques ("Petitioner"), who is currently incarcerated at the United States Penitentiary in Atwater, California ("USP Atwater"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and a memorandum of law in support (Doc. No. 2) while he was incarcerated at USP Lewisburg. Petitioner challenges the decision of a Disciplinary Hearing Officer ("DHO") who found him guilty of a violation of Code 104, possessing a dangerous weapon. In an Order dated September 5, 2019, the Court granted Petitioner leave to proceed *in forma pauperis* and directed Respondent to show cause why Petitioner should not receive the relief he seeks. (Doc. No. 7.) Respondent filed a response on September 25, 2019, asserting that Petitioner's § 2241 petition should be dismissed. (Doc. No. 10.) To date, Petitioner has filed neither a traverse nor a motion seeking an extension of time

to do so. Accordingly, because the time period for filing a traverse has expired, Petitioner's § 2241 petition is ripe for disposition.

## I. BACKGROUND

Petitioner is currently serving a life sentence for possession with intent to distribute cocaine base imposed by the United States District Court for the Southern District of Florida. (Doc. No. 10-2 at 3.) On May 8, 2018, while incarcerated at USP Lee, Petitioner was issued Incident Report #3121968, charging him with a violation of Code 104, possession of a dangerous weapon. (Doc. No. 2 at 1; Doc. No. 10-2 at 7.) Petitioner appeared before a DHO for a hearing on June 20, 2018. (Doc. No. 10-2 at 7.) The DHO found that Petitioner had committed the Code 104 violation as charged and sanctioned him with fifteen (15) days of disciplinary segregation, 270 days' loss of commissary privileges, and 180 days' loss of email privileges. (*Id.*) Petitioner received a copy of the DHO's report on August 14, 2018. (*Id.*) He subsequently exhausted his administrative appeals regarding this Incident Report. (Doc. No. 2 at 6.) He was subsequently transferred to the Special Management Unit ("SMU") at USP Lewisburg. (Doc. No. 10-2 at 3.)

Petitioner filed the instant § 2241 petition on August 21, 2019. (Doc. No. 1.) In his § 2241 petition, Petitioner argues that his due process rights were violated because he was not timely served with the incident report and because it was

"fraudulently written." (*Id.* at 6.) Specifically, Petitioner maintains that he did not receive a copy of the Incident Report until May 24, 2019 because it was "[claimed] to have been suspended due to it having been [referred] to the FBI for criminal prosecution." (Doc. No. 2 at 1, 3.) According to Petitioner, the FBI declined prosecution on May 15, 2018, and he should have received a copy of the Incident Report within twenty-four (24) hours of that date. (*Id.* at 3.) Petitioner also suggests that the Incident Report was never actually referred to the FBI. (Doc. No. 1 at 7.) Finally, Petitioner suggests that he was "denied the right to have the requested video [surveillance] viewed by his" staff representative. (Doc. No. 2 at 6.) As relief, Petitioner asks that the Court expunge the Incident Report "or direct the appropriate BOP agency to do so." (*Id.* at 8.)

## II. DISCUSSION

Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court has held that that there can be a liberty interest at

stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.* at 557.

In the instant case, Petitioner fails to assert a cognizable due process claim because the disciplinary sanctions he received do not implicate a liberty interest protected by the Due Process Clause. *See Leamer*, 288 F.3d at 542 (affirming the dismissal of a habeas petition where the imposed disciplinary sanctions did not result in the loss of good conduct time). To invoke the Due Process Clause, Petitioner must identify a liberty interest that has been violated. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). As noted above, prisoners are entitled to due process only where the disciplinary action results in the loss of good conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, Petitioner does not allege that he lost any good conduct time because of the DHO's finding that he committed the Code 104 violation. Indeed, Petitioner's disciplinary record confirms that the DHO did not sanction him with the loss of any good conduct time because Petitioner is serving a life sentence. (Doc. No. 10-2 at 7.) Instead, the DHO sanctioned Petitioner with fifteen (15) days of disciplinary segregation, 270 days' loss of commissary privileges, and 180 days' loss of email privileges. (*Id.*) Such sanctions did not result in any atypical or significant hardships

to Petitioner and, therefore, do not implicate protected liberty interests. *See, e.g.*, *Robinson v. Norwood*, 535 F. App'x 81, 83 (3d Cir. 2013) (placement in administrative segregation for days or months at a time does not implicate a protected liberty interest); *Levi v. Holt*, 192 F. App'x 158, 160 (3d Cir. 2006) (loss of various privileges does not invoke due process protections); *Jones v. Thomas*, No. 3:13-cv-3105, 2014 WL 3113420, at *4 (M.D. Pa. July 7, 2014) (concluding that temporary placement in disciplinary segregation and temporary loss of commissary and telephone privileges do not implicate protected liberty interests); *Gonzelez v. Zickenfoose*, No. 3:13-cv-2716, 2014 WL 257850, at *3 (M.D. Pa. Jan. 23, 2014) (temporary loss of email privileges does not implicate a protected liberty interest). Accordingly, because the outcome of Petitioner's disciplinary proceeding did not affect his good conduct time and, therefore, has no impact on the fact or length of his sentence or confinement, Petitioner cannot maintain his due process challenge under § 2241. *See Castillo v. FBOP FCI Fort Dix*, 221 F. App'x 172, 175 (3d Cir. 2007); *Leamer*, 288 F.3d at 540-42.

## III.  CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  An appropriate Order follows.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: February 11, 2020